```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,       :

      Plaintiff,             :

  v.                            :        Case No. 2:05-cr-0072(7)

Chris Veney,                    :        JUDGE FROST

      Defendant.             :

<u>DETENTION ORDER</u>

      The above defendant appeared before the Court for a detention hearing on May 6, 2005.  Following the hearing, the defendant was ordered detained pending further proceedings.  The purpose of this Order is to set forth in writing the reasons for that decision.

      The defendant was indicted on several counts of drug related criminal activity.  According to the indictment, he was involved in a conspiracy to distribute over 50 grams of crack cocaine in October of 2004, and he was involved in the actual distribution of over five grams of crack cocaine on two different occasions in that same month.  The distribution counts each carry a mandatory minimum of five years in prison and the conspiracy count carries a mandatory minimum of ten years in prison.  The charges in the indictment create a presumption that the defendant is not entitled to be released on bond.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably

> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Little favorable information was presented to rebut the presumption. Counsel proffered evidence that the defendant has been employed in a family-owned business for a period of time and that he was regularly employed through a temporary service in 1999. The Pretrial Services Report indicates other sporadic employment. The defendant does have ties to this community, having lived here since age 8 and having a girlfriend and two children in Columbus.

On the negative side, the defendant has a significant criminal history including convictions for charges relating to drugs, firearms, and assault. He has been placed on probation and underwent probation revocation, failing to appear several times for a revocation hearing. He has failed to appear in court on other occasions and was actually convicted of a misdemeanor

charge of failure to appear on a recognizance bond. Additionally, when he committed the instant offense, he was on parole for a drug offense.  Together with the presumption, those facts indicate that it is unlikely that the defendant would abide by any release conditions which the Court could set, and that he would therefore be both a danger to the community and a risk of nonappearance.  For those reasons, he was ordered detained.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge